# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DAVID WALKER,

    Plaintiff,

vs.

HUGH SMITH, Warden; JOSEPH
HUTCHESON; Sgt. RODNEY
JACKSON; MACKIE JENKINS;
DEMETRIUS BERRY; Yard Officer
RAMAS; BETTY STOKES; Officer
MONOGAMY, and Officer SALTER,

    Defendants.

CIVIL ACTION NO.: CV607-063

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner[1] proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

---

[1] Plaintiff was incarcerated at the time he filed his Complaint, and thus, his Complaint is subject to the screening provisions of 28 U.S.C. §§ 1915 and 1915A.

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he and Defendant Demetrius Berry were involved in a verbal altercation; Plaintiff makes no other assertions against Defendant Berry. A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). Plaintiff has failed to show Defendant Berry violated his constitutional rights, and thus, Plaintiff cannot sustain a cause of action against Defendant Berry.

AO 72A
(Rev. 8/82)

2

Plaintiff also names Warden Hugh Smith as a Defendant. Plaintiff makes no factual allegations against Defendant Smith. It appears Plaintiff seeks to hold Defendant Smith liable for the alleged violations of his constitutional rights based solely on Smith's position as the Warden at Georgia State Prison. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendant Smith should be dismissed.

Finally, Plaintiff names Betty Stokes as a Defendant, but he fails to make any factual allegations against Defendant Stokes. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, his claims against Defendant Stokes should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Berry, Smith, and Stokes be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 7th day of January, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE